# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARLEEN JACOBS LEVY,** | **CIVIL ACTION** |
| **WASHINGTON AND SOUTH** | |
| **CLAIBORNE, L.L.C. AND** | |
| **MAGAZINE AND THALIA, L.L.C.** | |
| | |
| **VERSUS** | **NO. 06-5733** |
| | |
| **AXIS SURPLUS INSURANCE** | **SECTION: "C"** |
| **COMPANY, ET AL** | |

## ORDER AND REASONS

Before this Court is a Motion to Remand filed by Plaintiffs, Darleen Jacobs Levy

("Levy"), Washington and South Claiborne, L.L.C. ("Washington") and Magazine and Thalia,

L.L.C. ("Magazine" collectively, "Plaintiffs") (Rec. Doc. 5).   Defendants, Rodco Worldwide,

Inc. ("Rodco") and Axis Surplus Insurance Company ("Axis" collectively, "Defendants")

oppose the motion.  The motion is before the Court on the briefs, without oral argument.  Having

considered the memoranda of counsel, the record, and the applicable law, the Court finds that the

Motion to Remand is **DENIED.**

## I. BACKGROUND

Levy is the president of Washington and Magazine.  Together, Plaintiffs own property in

Orleans and St. Bernard Parishes, State of Louisiana.   Plaintiffs used Rodco as its insurance

broker to procure casualty, hurricane and wind damage insurance for these properties from Axis and Underwriters at Lloyd's London ("Lloyd's").  Plaintiffs allege that these insurance polices were in effect on August 29, 2005 when Hurricane Katrina made landfall in Louisiana.

Plaintiffs claim that their properties in St. Bernard Parish sustained extensive wind and water damage as a result of the hurricane.  According to the Plaintiffs, Axis contracted with ACIS/Tassin Catastrophe Claims Service, L.L.C. ("ACIS") to review and make recommendations concerning the damage to Plaintiffs' property.  Plaintiffs claim that Mike Tusa ("Tusa") was the insurance adjustor who performed the work for ACIS.

Plaintiffs were dissatisfied with ACIS's and Tusa's analysis of the damage to their properties.  As a result, Plaintiffs filed this suit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana alleging that ACIS and Tusa intentionally provided incorrect estimates of the value and extent of the property damage, intentionally omitted damage on the property to deprive them of money, and delayed filing reports with Axis.  Plaintiffs claim that they have made amicable demand on Axis and Lloyd's to no avail and they assert that Axis, Lloyd's, ACIS, Tusa and Rodco are jointly, and severally liable to them.

Axis subsequently removed the action to this court alleging diversity jurisdiction under 28 U.S.C. § 1332.  Although Plaintiffs and three of the defendants, namely Rodco, ACIS and Tusa are all Louisiana citizens, Rodco and Axis assert that all of the Louisiana defendants were fraudulently joined so as to defeat removal.  Plaintiffs disagree and filed this motion to remand.

2

**II. <u>ANALYSIS</u>**

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006).  The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  See, 28 U.S.C. § 1332 (2006).  For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).  The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal.  *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one.  *Smallwood*, 352 F.3d at 222.

In its Notice of Removal (Rec. Doc. 1), Axis claims that the Louisiana defendants were fraudulently joined so as to defeat removal. Specifically, Axis claims that Plaintiffs cannot allege any set of facts which would entitled them to relief from the insurance adjusters ACIS and Tusa. Axis also argues that Plaintiffs failed to allege any claim against Rodco, save that it was an insurance broker.  Rodco and Axis reassert these arguments in their oppositions to Plaintiffs' motion to remand. See, Rec. Docs. 6 and 8.

Under Louisiana law, an insured has remedies against an insurer (1) for arbitrarily failing to pay the claims of the insured thirty days after the receipt of satisfactory proof of loss and (2)

4

for failing to abide by its duty of good faith and fair dealing or its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured.  LA. REV. STAT. ANN. §§ 22:658 and 22:1220 (West 2006).  Neither of these statutes provide a remedy against an insurance adjustor.  *Nero v. La. Indep. Ins. Agencies, Inc.,* 2003 WL 203146, *2 (E.D.La. 2003); *Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033, *4 (E.D.La 1998).

Furthermore, Plaintiffs cannot establish a cause of action against the insurance adjustors ACIS and Tusa in tort.  Plaintiffs argue that *Loehn v. Hardin*, 2002 WL 922380, *2 (E.D.La. 2003), supports their argument that an insurance adjuster has a duty to properly handle the claims which had been delegated to him by the insurer.  However, this Court has previously disagreed with that holding, finding that the duty to properly handle insurance claims is imposed by Louisiana Revised Statute § 22:1220, not by Louisiana Civil Code Article 2315,[1] and that nothing in the statute suggests that the Louisiana Legislature intended that the duties imposed on insurers be relegable to adjustors. See, *Motin v. Travelers Insurance Company, et al,* 2003 WL 22533673, *4 (E.D.La. 2003) (J. Berrigan).  The Court further held that an insurance adjustor does not owe an independent tort duty to the insured. *Id.*  Specifically, the Court found that the plaintiff's allegations that the defendants intentionally acted in bad faith in adjusting their claims did not support a cause of action sounding in tort.

In the case at bar, the Plaintiffs allege that the insurance adjustors, ACIS and Tusa, committed intentional acts which harmed them.  They claim that the insurance adjustors intentionally provided incorrect estimates of the value of and extent of their property damage and

---

[1] Louisiana Civil Code article 2315 provides in pertinent part that:
A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

5

intentionally omitted damage on the property.  As stated above, an insurance adjustor has no independent tort duty to the insured.  Thus, Plaintiffs fail to state a cause of action against ACIS and Tusa, leading to the conclusion that they were fraudulently joined.[2]

Axis and Rodco also claims that Rodco was fraudulently joined to the action.  Defendants allege that Plaintiffs failed to assert a cause of action against Rodco in its pleadings.  On the other hand, in their motion to remand Plaintiffs assert that Rodco issued their insurance policy through Axis and that Rodco failed to provide them with copies of their insurance policies. Plaintiffs also claim that Rodco is liable for negligent acts surrounding the procurement of Plaintiffs' insurance policies that will come to light once the case is remanded.

As stated above, when evaluating a claim of fraudulent joinder, the court must ask whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal and any ambiguities are construed against removal. *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).

In this case, the state court pleadings barely mention Rodco.  Rodco is mentioned exactly twice.  It is mentioned in paragraph 1, which simply describes the parties. See, Rec. Doc. 1. Then it is mentioned again in the last paragraph which states that the defendants are jointly and

---

[2]  Other Eastern District of Louisiana decisions support this Court's conclusion: *Nero v. La. Independent Ins. Agencies*, 2003 WL 203145 (E.D.La. 2003); *M&M Towing Co., Inc. v. United Capitol Ins. Co.,* 1998 WL 169694 (E.D.La. 1998); *Rich v. Bud's Boat Rentals*, 1997 WL 785668 (E.D.La. 1997); *S. Hotels Ltd. P'ship v. Transamerica Ins. Group Premier Ins. Co.,* 923 F.Supp. 882, 888 (E.D.La. 1996).

severally liable. *Id.* There are absolutely no descriptions of who Rodco is or what part it played in Plaintiffs' case, other than that it is a domestic corporation doing business in Louisiana and was the broker for Lloyd's.  The facts alleged by the Plaintiffs in their state court petition do not state any cause of action against Rodco.  Thus, the facts as alleged do not support Plaintiffs' substantive claims against the non-diverse defendant, Rodco.  As such, Rodco was fraudulently joined.

## III. <u>CONCLUSION</u>

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Remand is **DENIED**.


New Orleans, Louisiana, this 23rd day of October, 2006

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE