## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**DARLEEN JACOBS LEVY,**                                **CIVIL ACTION**
**WASHINGTON AND SOUTH**
**CLAIBORNE, L.L.C. AND**
**MAGAZINE AND THALIA, L.L.C.**

**VERSUS**                                                        **NO. 06-5733**

**AXIS SURPLUS INSURANCE**                        **SECTION: "C"**
**COMPANY, ET AL**

## ORDER AND REASONS

Before this Court is a Motion to Dismiss filed by defendant, Rodco Worldwide, Inc.

("Rodco") (Rec. Doc. 7).   Plaintiffs, Darleen Jacobs Levy, ("Levy"), Washington and South

Claiborne, L.L.C. ("Washington") and Magazine and Thalia, L.L.C. ("Magazine" collectively,

"Plaintiffs") do not oppose the motion.   The motion is before the Court on the briefs, without

oral argument.   Having considered the memorandum of counsel, the record, and the applicable

law, the Court finds that the Motion to Dismiss is **GRANTED.**


## I. BACKGROUND

Levy is the president of Washington and Magazine.   Together, Plaintiffs own property in

Orleans and St. Bernard Parishes, State of Louisiana.   Plaintiffs used Rodco as its insurance

broker to procure casualty, hurricane and wind damage insurance for these properties from Axis

Surplus Insurance ("Axis")  and Underwriters at Lloyd's London ("Lloyd's").  Plaintiffs allege that these insurance polices were in effect on August 29, 2005 when Hurricane Katrina made landfall in Louisiana.

Plaintiffs claim that their properties in St. Bernard Parish sustained extensive wind and water damage as a result of the hurricane.  According to the Plaintiffs, Axis contracted with ACIS/Tassin Catastrophe Claims Service, L.L.C. ("ACIS") to review and make recommendations concerning the damage to Plaintiffs' property.  Plaintiffs claim that Mike Tusa ("Tusa") was the insurance adjustor who performed the work for ACIS.

Plaintiffs were dissatisfied with ACIS's and Tusa's analysis of the damage to their properties.  As a result, Plaintiffs filed this suit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana alleging that ACIS and Tusa intentionally provided incorrect estimates of the value and extent of the property damage, intentionally omitted damage on the property to deprive them of money, and delayed filing reports with Axis.  Plaintiffs claim that they have made amicable demand on Axis and Lloyd's to no avail and they assert that Axis, Lloyd's, ACIS, Tusa and Rodco are jointly, and severally liable to them.

Axis removed the action to this court alleging diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs subsequently field a motion to remand, which was denied on the basis that the Louisiana defendants were fraudulently joined. See, Rec. Doc. 11. One of those fraudulently joined defendants, Rodco, filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. <u>ANALYSIS</u>

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La. 2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).  The moving party bears the burden of showing that the "plaintiff can prove no set of facts which would entitled it to relief." *Baton Rouge Bldg, & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 1384, 1386 (5th Cir. 1991).  Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss.  See, *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

In this case, the state court pleadings barely mention Rodco.  Rodco is mentioned exactly twice.  It is mentioned in paragraph 1, which simply describes the parties. See, Rec. Doc. 1. Then it is mentioned again in the last paragraph which states that the defendants are jointly and severally liable. *Id.* There are absolutely no descriptions of who Rodco is or what part it played in Plaintiffs' case, other than that it is a domestic corporation doing business in Louisiana and was the broker for Lloyd's.  The facts alleged by the Plaintiffs in their state court petition do not state any cause of action against Rodco.

### III. <u>CONCLUSION</u>

For the reasons stated above,

IT IS ORDERED that Rodco's Motion to Dismiss is **GRANTED**.

New Orleans, Louisiana, this 22nd day of November, 2006

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE